UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR-04-11-B-W |
| | ) | |
| ALTON SHERMAN | ) | |
| RICHARD RODRIGUE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR PROTECTION FROM TRIAL**

On April 2, 2007, Defendant Alton Sherman moved for protection from trial for four days in May: May 17, 2007 and May 21-23, 2007. The reason for the request for protection on May 17, 2007 is that Mr. Sherman's counsel, Mr. Baber, has an arbitration hearing previously scheduled for that day. This is a markedly inadequate reason to request protection, since the federal jury trial calendar must and will invariably take precedence over counsel's scheduling of an arbitration hearing. However, as the Court is otherwise unavailable on May 17, 2007, the request for protection for May 17, 2007 is granted, but expressly not for the reason counsel proposed.

Regarding the request for protection due to the scheduling of a state court civil jury trial in Hancock County, this request is denied. This case has been pending since February 11, 2004, when Messrs. Sherman and Rodrigue were indicted. *Indictment* (Docket # 1). On March 24, 2004, each defendant filed a motion to suppress and after a hearing before Magistrate Judge Kravchuk, the Magistrate Judge issued a Report and Recommended Decision on July 21, 2004. *Mot. to Suppress* (Docket # 26); *Recommended Decision on Mots. to Suppress* (Docket # 39). On November 12, 2004, this Court rejected the recommendation to deny the motions to suppress

and on February 18, 2005, it rejected the Government's Motion for Reconsideration. *Order Rejecting in Part the Recommended Decision of the Magistrate Judge and Granting Defs.' Mot. to Suppress* (Docket # 54); *Order on Gov't Mot. for Recons.* (Docket # 63). The Government filed an interlocutory appeal and on October 15, 2006, the First Circuit vacated this Court's Order and remanded the matter for further proceedings. *Judgment of the United States Court of Appeals* (Docket # 75). The First Circuit issued its mandate on January 11, 2007, and on January 17, 2007, this Court issued its Order on Remand. *Mandate of the United States Court of Appeals* (Docket # 76); *Order on Remand* (Docket # 80). This matter has been vulnerable for trial since then.

When the Court conferred with counsel on January 17, 2007, they represented that they had several scheduling conflicts during the month of February and could not be prepared for trial. At counsels' behest, the Court ordered the matter set for jury selection on March 6, 2007. *Order on Remand.* On February 23, 2007, Leonard Sharon moved to continue the trial, since he had just completed a month long murder trial and felt unable to adequately prepare for this trial before March 6, 2007. *Def. Rodrigue's Mot. to Continue* (Docket # 88). After conferring with counsel, the Court reluctantly granted the motion and informed the parties that trial would go forward in April 2007; jury selection was scheduled for April 3, 2007. *Order* (Docket # 91); *Trial List* (Docket # 94). On March 26, 2007, however, Mr. Sharon again moved to continue the trial, because he had recently fallen on ice and broken a bone in his right shoulder, making it difficult for him to "write or use the arm in any meaningful manner." *Def. Rodrigue's Mot. to Continue* (Docket # 95). The Court again continued the trial and reset the matter for the May trial list with jury selection on May 1, 2007. *Order* (Docket # 95); *Trial List* (Docket # 97).

Since then, the Government moved for protection from May 10 through May 20, 2007, because one of its essential witnesses was planning to be out of state. The Court, again reluctantly, granted the request for protection.[1] *Gov't Mot. for Protection* (Docket # 98); *Order* (Docket # 99).

Prior to Mr. Sherman's current request, the days during the month of May that this case could be tried would be reduced to the following: May 1 – 4; May 7 – 9; and May 21 – 25. If granted, Mr. Sherman's request would essentially eliminate late May, since there is no indication that the case could be fully tried in the two remaining days, i.e. May 24-25. The matter would be available for trial only from May 1 through May 9, 2007, a time that may prove sufficient. However, in view of the length of time this case has been pending, the need to resolve criminal matters, including this one, in a speedy manner, and the infelicitous history of past continuances, the Court is unwilling to eliminate the period from May 21 through May 23 as potential trial dates.

In any event, counsel should be aware more generally that the pendency of a state civil jury trial would not ordinarily be grounds for protection from the scheduling of a federal criminal trial. For obvious reasons, criminal matters take precedence on this Court's calendar and the Court expects the same will hold true for counsels' calendars. As the track record of this case reveals, the Court is willing to accommodate, whenever possible, counsels' schedules, witness problems, and other scheduling conflicts. But, ultimately, the manifest imperative that criminal defendants receive a speedy trial must take precedence over the subordinate need for private parties to resolve issues of civil redress. Absent extraordinary circumstances, counsel's request for protection to attend a state civil jury trial, instead of a federal criminal jury trial, must fail.

---

[1] As a practical matter, the Court will be unavailable from May 14 through May 17, so the Government's request for protection only affected three days of the potential trial calendar. The Court will also be unavailable in late May, beginning May 29, 2007.

SO ORDERED.

/s/ John A. Woodcock, Jr.  
JOHN A. WOODCOCK, JR.  
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2007